1  ISMAIL J. RAMSEY (CABN 18982)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  MOLLY K. PRIEDEMAN (CABN 302096)
   ANDREW PAULSON (CABN 267095)
5  Assistant United States Attorneys

6         1301 Clay Street, Suite 340S
          Oakland, California 94612
7         Telephone: (510) 637-3680
          FAX: (510) 637-3724
8         molly.priedeman@usdoj.gov
          andrew.paulson@usdoj.gov
9
10 Attorneys for United States of America

11                          UNITED STATES DISTRICT COURT
12                        NORTHERN DISTRICT OF CALIFORNIA
13                                   OAKLAND DIVISION

| | | |
|---|---|---|
| 14 | UNITED STATES OF AMERICA, ) | CASE NO. 4:23-CR-00212 HSG |
| 15 | Plaintiff, ) ) | |
| 16 | v. ) ) | NOTICE RE: PLEA AGREEMENT |
| 17 | ANDREW JONES, ) ) | |
| 18 | Defendant. ) ) | |

19

20    The United States hereby files the attached executed plea agreement, which it anticipates the

21 defendant will enter in a plea hearing to be set at a later date.

22

23 DATED: July 13, 2023                          ISMAIL J. RAMSEY
                                                 United States Attorney
24
                                                 */s/ Andrew Paulson*
25                                               ANDREW PAULSON
                                                 MOLLY K. PRIEDEMAN
26                                               Assistant United States Attorneys
27
28

NOTICE OF INTENT TO FILE EXECUTED PLEA AGREEMENT
4:23-CR-0212 HSG                         1

1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  ANDREW PAULSON (CABN 267095)
   MOLLY K. PRIEDEMAN (CABN 302096)
5  Assistant United States Attorneys

6       1301 Clay Street, Suite 340S
        Oakland, California 94612
7       Telephone: (510) 637-3680
        FAX: (510) 637-3724
8       andrew.paulson@usdoj.gov
        molly.priedeman@usdoj.gov
9
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 4:23-cr-00212-HSG |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| ANDREW JONES, | |
| Defendant. | |

I, Andrew Jones, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1.  I agree to plead guilty to Counts One through Seven of the captioned Information charging me with six counts of Sexual Abuse of a Ward, in violation of 18 U.S.C. § 2243(b), and one count of False Statements to a Government Agency, in violation of 18 U.S.C. § 1001(a)(2).  I agree that

the elements of Sexual Abuse of a Ward are as follows: (1) I knowingly engaged in a sexual act with the victim; (2) at the time, the victim was in official detention at FCI Dublin; and (3) at the time, the victim was under my custodial, supervisory, or disciplinary authority.

I agree that the maximum penalties for Sexual Abuse of a Ward are as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison term | | 15 years |
| b. | Maximum fine | | $ 250,000 |
| c. | Restitution | | |
| d. | Maximum supervised release term | | Life |
| e. | Minimum supervised release term | | 5 years |
| f. | Mandatory special assessment | | $100 per felony count plus $5,000 pursuant to 18 U.S.C. § 3014 |

I agree that the elements of False Statements to a Government Agency are as follows: (1) I made a false statement; (2) the statement was made in a matter within the jurisdiction of the Department of Justice Office of Inspector General (DOJ OIG); (3) I acted willfully, that is, I acted deliberately and with knowledge both that the statement was untrue and that my conduct was unlawful; (4) the statement was material to the activities or decisions of the DOJ OIG, that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities; and (5) the statement involved offenses under Chapter 109A of Title 18 of the United States Code.

I agree that the maximum penalties are as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison term | | 8 years |
| b. | Maximum fine | | $ 250,000 |
| c. | Maximum supervised release term | | 3 years |
| d. | Mandatory special assessment | | $100 per felony count |

I understand that I am pleading guilty to multiple violations and that the Court may order that my sentence for each violation run consecutively.

//

//

2. I agree that I am guilty of the offenses to which I am pleading guilty, and I agree that the following facts are true:

    a) From May 24, 2020 until March 9, 2022, I served as a correctional officer at FCI Dublin, an all-female federal prison located in the Northern District of California. During that time, I served as a Cook Supervisor in the Food Services Department. In that role, I supervised inmates who worked in Food Services preparing meals for the female inmates. As a correctional officer, I was also able to discipline inmates, including by writing incident reports; search inmates' cells; have their persons searched; monitor the inmates' phone calls, video chats, and emails; and restrain the inmates using physical force, among other things.

    b) ***Sexual Abuse of C.V.*** C.V. was an inmate who I supervised in the kitchen. On a date between approximately July 1, 2020 and December 31, 2020, I instructed C.V. to go into the staff bathroom in the kitchen while other inmates were eating in the dining room. Once inside with C.V., I locked the door. I then kissed C.V. on her lips, and we touched one another in a sexual manner. I then instructed C.V. to get on her knees while I stood in front of her. C.V. then performed oral sex on me, causing contact between my penis and C.V.'s mouth. I ejaculated in C.V.'s mouth and then cleaned myself with wipes.

    c) The day after I received oral sex from C.V. as described in paragraph 2(b) above, I again went to the staff bathroom in the kitchen at FCI Dublin with C.V. Once inside, I locked the door. C.V. then performed oral sex on me while I stood and she kneeled in front of me. I then directed C.V. to turn around and pull her pants down. She complied. I then had sexual intercourse with C.V. by penetrating C.V.'s vulva with my penis.

    d) On another date between approximately July 1, 2020 and December 31, 2020, I entered the kitchen warehouse at FCI Dublin with C.V. Once inside, I had sexual intercourse with C.V. by penetrating C.V.'s vulva with my penis.

    e) In addition to the acts described in paragraphs 2(b)-(d), I had sexual intercourse and received oral sex from C.V. on multiple other occasions between approximately July 1, 2020 and December 31, 2020.

f) ***Sexual Abuse of J.L.*** J.L. was an inmate who I supervised in the kitchen. She began working in the kitchen in approximately November 2020. After she started working in the kitchen, I began flirting with J.L. and sharing personal details about my life with her. On a date between approximately March 1, 2021 and May 31, 2021, I called J.L. from her housing unit to the kitchen. We entered the butcher freezer in the kitchen. I approached J.L. and lifted her shirt. I then touched J.L.'s breasts and sucked on her breasts.

g) On a date between approximately January 1, 2021 and June 30, 2021, I took J.L. to the Food Service warehouse, unlocked the warehouse door, told J.L. to wait for me in the warehouse, and then locked the door behind her. I then entered the warehouse through another door that was attached to another correctional officer's office. Once inside, I kissed J.L. on the lips. I then had J.L. turn around and bend over. I pulled her pants down and had sexual intercourse with J.L. by penetrating J.L.'s vulva with my penis. After having sexual intercourse with J.L., J.L. turned around, knelt, and gave me oral sex while I stood, causing contact between my penis and J.L.'s mouth. I then ejaculated in J.L.'s mouth.

h) ***Sexual Abuse of R.C.*** R.C. was an inmate who I supervised in the kitchen. She began working in Food Services in approximately March 2021. After she started working there, I began flirting with her. On a date between approximately March 1, 2021 and April 30, 2021, I was in the staff bathroom in the kitchen with R.C. On that occasion, she licked and kissed my penis, causing contact between my penis and R.C.'s mouth.

i) On a date between approximately March 1, 2021 and June 30, 2021, I entered a room in the kitchen where R.C. was putting away cooking utensils. Once inside, I had sexual intercourse with R.C. by penetrating R.C.'s vulva with my penis. We stopped having sex when I heard someone approaching the room.

j) On another date between approximately March 1, 2021 and June 30, 2021, I was alone with R.C. in a bathroom near the kitchen. On that occasion, R.C. gave me oral sex and we had sexual intercourse. In doing so, I caused contact between my penis and R.C.'s mouth and I penetrated R.C.'s vulva with my penis.

k) In addition to the three incidents described in paragraphs 2(h)-(j), I had sexual intercourse with R.C. on multiple other occasions between approximately March 1, 2021 and June 30, 2021.

l) At the time of the incidents discussed above in paragraphs 2(b)-(k), I was employed as a correctional officer at FCI Dublin and C.V., J.L., and R.C. were inmates in official detention at FCI Dublin. Consequently, at the time of these incidents, C.V., J.L., and R.C. were under my custodial, supervisory, or disciplinary authority. At the time of these incidents, FCI Dublin was a United States federal prison.

m) On March 11, 2022, I voluntarily spoke with special agents with the Department of Justice Office of Inspector General (DOJ OIG). During that interview, I stated that I never had sexual intercourse with C.V. That statement was false. In making this statement, I acted willfully; that is, I acted deliberately and with knowledge both that the statement was untrue and that my conduct was unlawful. My statement that I had never had sexual intercourse with C.V. was made in a matter within the jurisdiction of the DOJ OIG. Moreover, the statement was material to the activities or decisions of the DOJ OIG; that is, the statement had a natural tendency to influence, or was capable of influencing the DOJ OIG's decisions or activities. Finally, the statement involved offenses under Chapter 109A of Title 18 of the United States Code.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my convictions, including constitutional challenges to the statutes of conviction. I agree to give up my right to appeal the judgment and all orders of the Court. I also agree to give up my right to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution, reserving only my right to claim that my sentence violated this

plea agreement, applicable law, or the Constitution. I reserve my right to claim that my counsel was ineffective. I understand that this waiver includes, but is not limited to, any and all constitutional or legal challenges to my convictions and guilty pleas, including arguments that the statutes to which I am pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support my pleas of guilty.

5. I agree not to file any collateral attack on my convictions or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective.

6. I agree not to ask the Court to withdraw my guilty pleas at any time after they are entered. In the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

7. I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also understand that the Court is not bound by the Guidelines calculations below; the Court may conclude that a higher Guidelines range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty pleas. I further agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty pleas. I agree that the Sentencing Guidelines offense level should be calculated as set forth below, and that I will not request a downward departure under the Sentencing Guidelines from that offense level although I reserve the right to seek a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). I understand that the government is free to oppose any such request. The parties have reached no agreement regarding my Criminal History Category.

| | | | |
|---|---|---|---|
| 1 | a. | Base Offense Level, Group 1 (Counts 1 and 7), U.S.S.G. § 2J1.2(b)(1): | 18 |
| 2 | b. | Base Offense Level, Group 2 (Count 2), U.S.S.G. § 2A3.3: | 14 |
| 3 | c. | Base Offense Level, Group 3 (Count 3), U.S.S.G. § 2A3.3: | 14 |
| 4 | d. | Base Offense Level, Group 4 (Count 4), U.S.S.G. § 2A3.3: | 14 |
| 5 | e. | Base Offense Level, Group 5 (Count 5), U.S.S.G. § 2A3.3: | 14 |
| 6 | f. | Base Offense Level, Group 6 (Count 6), U.S.S.G. § 2A3.3: | 14 |

g. Multiple Count Adjustment, U.S.S.G. §§ 3D1.4(a), (b):
Greater of Adjusted Offense Levels: 18
Increase in Offense Level: +5
Combined Adjusted Offense Level: 23

h. Acceptance of Responsibility: - 3
If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

i. Adjusted Offense Level: 20

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offenses and the sentencing decision, including Victim Impact Statements. I agree that, based on the nature of the offense, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

Special Condition (Searches)
The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

I agree to pay full restitution for all losses caused by all the schemes or offenses with which I was charged in this case, and I understand that the amount of restitution will not be limited to the loss

attributable to the counts to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I understand that the Court will not consider my economic circumstances in determining the restitution amount. I agree to pay restitution in an amount to be set by the Court at the time of sentencing.

Any restitution payments shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I understand that the restitution described above creates a lien in favor of the United States on all property and rights to property I may possess upon entry of judgment and continues for the later of 20 years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in full. I further understand the government will record a notice of the lien in any county where I reside or have property. I further understand that this order of restitution cannot be discharged in bankruptcy and that if I default on the payment of a fine or restitution, the Court may revoke probation or a term of supervised release, modify the terms or conditions of probation or supervised release, resentence me, hold me in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any other action necessary to obtain compliance.

Within thirty days of the execution of this Plea Agreement, if asked by the Financial Litigation Unit ("FLU") of the United States Attorney's Office, I agree to complete, under penalty of perjury, a financial statement provided by the U.S. Attorney's Office and to update that statement with material changes within seven days of the change. I understand that I must identify all assets and financial interests valued at more than $1,000. I further understand that these assets and financial interests include all assets and financial interests in which I have an interest, direct or indirect, whether held in my own name or in the name of another, in any property, real or personal.

I agree to surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I further agree to notify the FLU before transferring any interest in property owned directly or indirectly by me, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. I also agree to notify the FLU of any interest in property I may obtain, directly or indirectly, which is valued at more than $1,000, and which includes any interest obtained under any other name, or entity, including a

trust, partnership, or corporation, after the execution of this Plea Agreement until the fine or restitution is paid in full.

I agree that any fine, forfeiture, or restitution imposed by the Court against me will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. I further understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property I receive may be offset and applied to federal debts.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree not to have any contact with any victims or witnesses in this case, either directly or indirectly, before and after I am sentenced. This includes, but is not limited to, personal contact, telephone, mail, or electronic mail contact, or any other written form of communication, and includes any harassing, annoying, or intimidating conduct by me directed to any victims or witnesses. I agree that the Court may also include this no-contact provision as a condition of my supervised release term. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in The Government's Promises Section below, but I will not be released from my guilty pleas.

11. Understanding that the government has in its possession digital devices and/or digital media belonging to and seized from me, I waive any right to the return of digital data contained on those digital devices and/or digital media and agree that if any of these digital devices and/or digital media are returned to me, the government may delete all digital data from those digital devices and/or digital media before they are returned to me.

12. I agree that this Agreement contains all of the promises and agreements between the

government and me, and I will not claim otherwise in the future.  No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

13. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

14. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Information.

The Defendant's Affirmations

15. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

16. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

17. I confirm that my decision to enter guilty pleas is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial.  I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 7/11/23

ANDREW JONES
Defendant

ISMAIL J. RAMSEY
United States Attorney

Dated: July 10, 2023

ANDREW PAULSON
MOLLY K. PRIEDEMAN
Assistant United States Attorneys

18. I have fully explained to my client all the rights that a criminal defendant has and all the

terms of this Agreement.  In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: July 11, 2023

GALIA Z. AMRAM
Attorney for Defendant